John Lim (SBN 105977)
John.Lim@LimNexus.com
Pio S. Kim (SBN 156679)
Pio.Kim@LimNexus.com
David Nealy (SBN 282383)
David.Nealy@LimNexus.com
**LIMNEXUS LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511

Attorneys for Defendant
Korea Times Los Angeles, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KOREA TIMES LOS ANGELES, INC.,<br><br>Defendant. | Case No. 2:23-cv-10356-JAK<br><br>**ANSWER TO COMPLAINT TO REDUCE FEDERAL TAX AND PENALTY ASSESSMENTS TO JUDGMENT; JURY DEMAND**<br><br>Complaint Filed: December 11, 2023 |

1

**ANSWER TO COMPLAINT TO REDUCE FEDERAL TAX AND PENALTY ASSESSMENTS TO JUDGEMENT**

4870-4407-9013, v. 1

Defendant Korea Times of Los Angeles, Inc. ("KTLA," or "Defendant") hereby answers the United States of America ("Plaintiff")'s complaint ("Complaint") [Docket No. 1] filed in the above-captioned civil proceeding (the "Case") before this court (the "Court") as follows:

## GENERAL ALLEGATIONS

### Authorization for Suit

1. The allegations in paragraph 1 contain statements and conclusions of law to which no answer is required. To the extent that paragraph 1 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 1, and, therefore, denies such allegations.

### Jurisdiction and Venue

2. The allegations in paragraph 2 contain statements and conclusions of law to which no answer is required.

3. Defendant admits that its principal place of business is and has always been in Los Angeles County. The remaining allegations in paragraph 3 contain statements and conclusions of law to which no answer is required.

### The Parties

4. At this time, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 4, and, therefore, denies such allegations.

5. Defendant admits that it is a California corporation whose EIN begins with 95 and ends in 5935; Defendant lacks information and belief sufficient to admit or deny the remaining allegations in paragraph 5, and, therefore, denies such allegations.

### CAUSE OF ACTION

6. Defendant's responses to paragraphs 1 through 5 are incorporated herein by reference as if set forth in full.

2011 Income Tax Assessments

7.      Defendant admits filing Form 1120.  The remaining allegations in paragraph 7 contain statements and conclusions of law to which no answer is required.  To the extent that the remaining allegations in paragraph 7 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny such allegations, and, therefore, denies such allegations.

8.      The allegations in paragraph 8 contain statements and conclusions of law to which no answer is required.  To the extent that paragraph 8 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 8, and, therefore, denies such allegations.

9.      The allegations in paragraph 9 contain statements and conclusions of law to which no answer is required.  To the extent that paragraph 9 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 9, and, therefore, denies such allegations.

10.     The allegations in paragraph 10 contain statements and conclusions of law to which no answer is required.  To the extent that paragraph 10 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 10, and, therefore, denies such allegations.

Defendant's Failure to Pay Tax and Penalty Assessment

11.     The allegations in paragraph 11 contain statements and conclusions of law to which no answer is required.  To the extent that paragraph 11 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 11, and, therefore, denies such allegations.

12.     The allegations in paragraph 12 contain statements and conclusions of law to which no answer is required.  To the extent that paragraph 12 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 12, and, therefore, denies such allegations.

13. The allegations in paragraph 13 contain statements and conclusions of law to which no answer is required. To the extent that paragraph 13 can be interpreted to contain any factual allegations, Defendant lacks information and belief sufficient to admit or deny the allegations in paragraph 13, and, therefore, denies such allegations.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses, Defendant does not shift any burden of proof or assume the need to prove any element of any claim asserted by Plaintiff. To the extent defenses asserted below are not considered affirmative defenses, but rather part of Plaintiff's burden of proof or elements Plaintiff must prove, such shall remain a part of Plaintiff's burden notwithstanding any characterization herein of such aspects of Plaintiff's prima facie case as affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

1. Plaintiff failed to allege sufficient facts upon which to state a valid claim or cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Improper Taxpayer)**

2. To the extent that tax liability, penalties, and interest may have accrued as alleged by Plaintiff, such tax liability, penalties, and interest accrued against a taxpayer other than Defendant.

### THIRD AFFIRMATIVE DEFENSE
**(Impossibility)**

3. To the extent that monies were due to Plaintiff, as alleged, recovery is barred by the doctrine of impossibility.

### FOURTH AFFIRMATIVE DEFENSE
**(Laches and Equitable Estoppel)**

4. Each and every claim for relief is barred by the doctrines of laches and/or

equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

5. Defendant asserts and alleges that each claim is barred because recovery from Defendant would result in Plaintiff's unjust enrichment.

### SIXTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedy)**

6. Plaintiff is barred and precluded from bringing the Case in that it has failed to exhaust all applicable administrative remedies and proceedings.

### SEVENTH AFFIRMATIVE DEFENSE
**(Incorrect Tax Assessed)**

7. To the extent that Plaintiff claims an amount due, such amount is incorrect or the result of an erroneous assessment.

### EIGHTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

8. The purported claims for relief are barred by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE
**(Indispensable Parties)**

9. Plaintiff failed to join necessary and indispensable parties to this action.

### TENTH AFFIRMATIVE DEFENSE
**(Waiver)**

10. The purported claims for relief have been waived and released.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Solvency)**

11. Recovery is barred because at all relevant times Defendant was insolvent.

## TWELFTH AFFIRMATIVE DEFENSE

**(Reasonable Cause)**

12. Defendant's conduct, action, or inaction was reasonable, with reasonable cause, without neglect.

## RESERVATION OF RIGHTS

13. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that such new defense would be available.

**WHEREFORE,** Defendant prays as follows:

A. That Plaintiff take nothing by reason of the Complaint and that judgment be entered in favor of Defendant;

B. For attorney fees and costs of suit herein; and

C. For such other and further relief as this Court may deem proper.

## JURY DEMAND

1. Defendant hereby demands a trial by jury of all issues so triable.

Dated: February 20, 2024

**LIMNEXUS LLP**
John Lim
Pio S. Kim
David Nealy

By: */s/ Pio S. Kim*
   Pio S. Kim
   Attorneys for Defendant
   Korea Times Los Angeles, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017. On February 20, 2024, I served the foregoing document(s) described as:

**ANSWER TO COMPLAINT TO REDUCE FEDERAL TAX AND PENALTY ASSESSMENTS TO JUDGMENT; JURY DEMAND**

on interested parties in this action as follows:

> Robert F. Conte, Esq.
> Assistant United States Attorney
> robert.conte@usdoj.gov
> United States of America
> federal Building, Suite 7211
> 300 North Los Angeles Street
> Los Angeles, California 90012
> Tel.:    (213) 894-6607
>
> Attorney for Plaintiff
> United States of America

☐   **BY U.S. MAIL:** I deposited such envelope, containing above document(s), in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tyree.west@limnexus.com to the persons at the e-mail address(es) listed below. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 20, 2024

*Tyree West*
Tyree West

7
**ANSWER TO COMPLAINT TO REDUCE FEDERAL TAX AND PENALTY ASSESSMENTS TO JUDGEMENT**

4870-4407-9013, v. 1