E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6607
    Facsimile: (213) 894-0115
    E-mail: robert.conte@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>KOREA TIMES LOS ANGELES, INC.,<br><br>            Defendant. | Civil No. CV 23 CV 10356 JAK BFM<br><br>RULE 26 (f) REPORT; SCHEDULE OF PRETRIAL DATES<br><br>Scheduling Conference:<br>Under Submission / No Hearing<br><br>Joint Report Due: May 3, 2024 |

### **Rule 26(f) Report**

The parties have met and conferred in accordance with Rule 26 of the Federal Rules of Civil Procedure. They have discussed issues related to this litigation, exchanged information, and jointly file this report per the court's order at docket # 10.

1

4888-4759-8263, v. 1

a. <u>Summary of the Case and Principal Issues</u>.

The government alleges that defendant (KTLA / taxpayer) owes unpaid income tax, penalties, and interest for the tax year 2011. The unpaid liability as of the date of the complaint is approximately $7.9 million. The government by its complaint seeks to reduce KTLA's unpaid tax debt to judgement. In order to prevail the government has the burden to show that the unpaid tax, penalty, and interest assessments the IRS has made against KTLA are correct, and that the unpaid amounts are due and owing. In order to meet its burden the government intends to introduce evidence showing, among other things, that on or about September 17, 2012, KTLA filed its 2011 corporate tax return (Form 1120) reporting to the IRS that its tax due for the year was $4,689,432. KTLA failed to pay the self-reported tax due at the time it filed its 2011 tax return. Later, an income tax audit of KTLA's 2010 corporate tax return (Form 1120) was conducted by the IRS. This audit resulted in an agreed to tax deficiency of approximately $4 million for the tax year 2010. The primary adjustment for the tax year 2010 was to income from cancelation of indebtedness. According to the IRS, there remains a substantial unpaid tax debt for the tax year 2010. The IRS also conducted an audit of KTLA's 2011 tax year, the tax year at issue in this case. This audit resulted in an adjustment in favor of KTLA in the amount of approximately $3.4 million, the IRS concluding that KTLA was entitled to an additional deduction in the amount of $3.4 million for its recovery of the cancellation of debt exclusion under Internal Revenue Code Section 26 U.S.C. Section 108. Per this audit adjustment, KTLA's tax due as shown on its 2011 tax return was

reduced from approximately $4.6 million to $3.4 million.  The tax due for the year 2011, plus penalties and interest, remains unpaid, and a debt is owed to the United States in approximately $7.9 million as of the date of the complaint.

KTLA alleges KTLA does not owe the tax, penalties and interest in the amounts claimed by the government. KTLA alleges that the claimed amounts are unlawful, invalid, incorrect and miscalculated, for multiple reasons. In particular, KTLA alleges that no penalties and no interest on penalties could or should have been imposed on KTLA for any failure to pay tax or perform its tax-related obligations because there existed and exist defenses to such penalties, including, without limitation, the fact that any such failure resulted from reasonable cause and not from willful neglect.

  b. <u>Subject-Matter Jurisdiction</u>.

The Court has jurisdiction over this suit by operation of 28 U.S.C. Sections 1331, 1340, and 1345, and 26 U.S.C. Section 7402.

  c. <u>Legal Issues</u>.

   1.  Is KTLA's tax due as corrected by the IRS for the year 2011 $3,491,546.

   2.  Does there remain an outstanding balance due the IRS for the tax year 2011, including penalties and interest, in the amount of approximately $7.9 million.

   3.  Was the government's suit timely filed.

  d. <u>Parties and Non-Party Witnesses</u>.

The parties are the United States and Korea Times Los Angeles, Inc.

3

The currently identified non-party witnesses are: James Chi; Saif; Vincent Davis; Jerry Nielsen; Samantha Smith; Garrett Hahn; Jeremey Rosenthal; Gary Kim; Jae Min Chang.

For conflict purposes, KTLA's discloses the following subsidiaries, parents, affiliates and shareholders: FM Seoul Bang Song, Inc., The Korea Times New York, Inc., PAKO Realty Corp., The Korea Times Seattle, Inc., The Korea Times Washington D.C., Inc., The Korea Times San Francisco, Inc., The Korea Times Chicago, Inc. and Jae Min Chang

e. Damages.

None sought.

f. Insurance.

None.

g. Motions.

Motions regarding amended pleadings, additional parties, or a change in venue are not anticipated.

h. Manual for Complex Litigation.

The manual is not applicable to this case.

i. Status of Discovery.

No formal discovery has been propounded.  The government has produced key documents from the IRS' administrative file and has made the IRS Revenue Agent who conducted the audits available for informal questioning at a meeting of counsel.

j. Discovery Plan.

1. *Initial Disclosures*.

The parties have made initial disclosures, and continue to informally exchange information.  The government has produced

4

documents from the IRS's administrative files, including information relating to the 2010 and 2011 audits, and copies of certified transcripts showing the 2011 tax due and owing.

       2.   *Discovery Plan*.

The parties anticipate written discovery, requests for production of documents, and depositions.

Government's discovery statement: The government will propound written discovery regarding the preparation of the 2010 and 2011 tax return, the conduct of the 2010 and 2011 IRS audits, and the failure of KTLA to timely pay the amounts owed. In its answer to the complaint, KTLA has raised numerous defenses, including that KTLA does not owe the stated amounts, it is the wrong party to the litigation, and that the government's suit was filed untimely. Written discovery will also be propounded as to these allegations by defendant. After written discovery is complete, including motions to compel, if necessary, the government anticipates taking the depositions of persons with knowledge matters discussed herein, including the preparation and audits of the 2010 and 2011 KTLA tax returns, and the failure to pay the 2011 tax debts owed by KTLA. The government has currently identified the following persons to be deposed: Garrett Hahn; Jeremy Rosenthal; Gary Kim; Jae Min Chang.

KTLA's discovery statement: KTLA will propound written discovery and conduct depositions regarding the specific grounds, details and methodologies for the government's calculation of the individual amounts claimed for the tax, penalties and interests. To the extent the government may deny that KTLA has defenses to the claimed amounts, including the amount of penalties, KTLA also intends

5

to propound written discovery and conduct depositions regarding its denial. KTLA intends to depose IRS Revenue Agent Saif Syed, IRS Revenue Agent Vincent Davis, and IRS Appeals Officer Jerry Nielsen and other individuals disclosed through written discovery as having pertinent knowledge.

    3.    *Phased Discovery or Other Limitations*.

None.

    4.    *Electronically Stored Information*.

The parties do not anticipate issues relating to electronically stored information.

    5.    *Privilege Issues*.

The parties have not identified any specific privilege issues.

    6.    *Protective Orders*.

The parties do not anticipate requesting protective orders.

    7.    *No Additional Discovery Plan*.

The parties request that the Court accept these statements as their discovery plan and that a separate discovery plan is not required.

    k.    <u>Discovery Cut-Off</u>.

Per the court's order, the parties propose that the last day to file discovery motions shall be the same as for all motions, February 3, 2025.

    l.    <u>Expert Discovery</u>.

The parties' proposed dates for expert witness disclosure, initial and rebuttal, and expert discovery cut-off are January 6, 2025, January 20, 2025, and February 3, 2025, respectively.

6

4888-4759-8263, v. 1

    m.   Dispositive Motions.

The parties may file summary judgement motions after discovery is completed to resolve and/or narrow issues. The parties identify the following issues that may be the subject of a dispositive motion: whether the correct amount of tax due for the tax year 2011 is $3.4 million as determined by the government; whether that amount (plus penalties and interest) remains unpaid; and, whether the government's suit was timely file.

    n.   Settlement.

The parties select ADR procedure no. 1 and request to appear before a Magistrate Judge of the Court after the conclusion of discovery.

    o.   Trial.

The defendant has requested that the case will be tried before a jury. The parties anticipate that the case can be tried in 4 to 5 days. The government anticipates calling 4 to 5 witnesses. The defendant anticipates calling 5 to 7 witnesses.

    p.   Trial Counsel.

Robert Conte for plaintiff. Pio Kim for defendant.

    q.   Independent Expert or Master.

The parties do not recommend the appointment of an independent master or expert.

    r.   Timetable.

The timetable of the parties' proposed dates is attached.

    s.   Other Issues.

There may be some witnesses using a Korean language interpreter.

    t.   Patent Cases.

7

4888-4759-8263, v. 1

This is not a patent case.

u. <u>Presiding Magistrate Judge</u>.

The parties do not elect to have a Magistrate Judge preside over the case.

Dated: May 1, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division


_____/S/ Robert Conte_____
ROBERT F. CONTE
Assistant United States Attorney

Dated: May 1, 2024

_____
PIO S. KIM
Counsel for Defendant
Korea Times Los Angeles, Inc.

4888-4759-8263, v. 1